# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN THEODORE ANDERSON ,

    Plaintiff,

v.

PAUL CRIFASI ,

    Defendant.

Case No. 2:11-CV-00849-KJD-PAL

**ORDER**

    For the reasons set forth below, the Court dismisses the Complaint (#1) in this action *sua sponte*.

I. Background

    Plaintiff John Theodore Anderson is a frequent litigant in the District of Nevada. Hon. Judge James C. Mahan recently dismissed two cases filed by Plaintiff and awarded sanctions against him for harassing and frivolous filings. (See 11-cv-00058-JCM-LRL Doc. 24.) Plaintiff has two cases pending before this Court – Case No. 2:11-cv-00849-KJD -PAL, and Case No. 2:11-cv-00851-KJD-CWH. Paul Crifasi is a defendant in both cases.

II.  Discussion

     A.  Pro Se Parties

     Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of *pro se* parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, it is well established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").  Further, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants.  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

     B.  Failure to Comply with Fed. R. Civ. P. 8

     Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

     Confusing, distracting, ambiguous, and unintelligible pleadings "should not be permitted to stand in the face of the positive language of our Federal Rules of Civil Procedure." Schmidt v. Herrmann, 614 F.2d 1221, 1224, (9th Cir. 1980)(dismissing complaint for failure to comply with Fed. R. Civ. P. 8)  Long, irrelevant, and unclear complaints ... "impose unfair burdens on litigants and judges" and waste time "prejudicing litigants in other case who follow the rules." McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (upholding dismissal of convoluted complaint and noting that "the rights of the defendants to be free from costly and harassing litigation must be considered.")(quotations omitted).

     Plaintiff's Complaint (#1) fails to satisfy even the most generous reading of the Federal Rules. The Complaint, which is styled "Verified Petition for Libel Review/Judicial Review 'Within

the Admiralty' and 'In Rem' Action Pursuant to 28 USC 1333 and 1337," is not comprehensible. Plaintiff seeks relief for a variety of claims. The Complaint lacks a "short and plain statement of the claim." It does not give the minimum factual basis for the claims asserted. Instead the Complaint contains legal arguments, incoherent assertions, and unrecognized claims for relief. The Complaint also contains more than one hundred pages of attachments which Plaintiff characterizes as "evidence." The failure to intelligibly state a factual basis for the claims is sufficient grounds for the Court to dismiss the complaint.

Plaintiff also fails to adequately provide a statement of the Court's jurisdiction. District courts are under a continuing duty to establish their own subject matter jurisdiction and may *sua sponte* dismiss actions whenever it appears jurisdiction is lacking. Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981). Plaintiff asserts jurisdiction under admiralty, but the complaint does not appear to have any connection to maritime contracts or maritime torts.[1] See Mediterranean Shipping Company, S.A. v. NingboToptrade Imp., 2008 WL 1723183 (9th Cir. 2008) (extent of maritime jurisdiction limited to maritime contracts and torts). Accordingly, the Complaint is dismissed.

C.  Dismissal with Prejudice

In several lawsuits in this district, Plaintiff has demonstrated an inability or unwillingness to comply with the Federal Rules of Civil Procedure. A complaint which fails to comply with Fed. R. Civ. P. 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Nevijel v. North Coast Life Ins. Co. 651 F.2d 671 (9th Cir. 1981). However, prior to dismissing a complaint with prejudice, district courts should first endeavor to adopt less drastic alternatives. Industrial Building Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1339 (9th Cir. 1970). Accordingly, the Court will permit Plaintiff to file an amended complaint only if Plaintiff is represented by an experienced and licensed attorney. If Plaintiff, acting through counsel, decides to file an amended Complaint, it must comply

---

[1] Plaintiff made a similar unsupported assertion of admiralty jurisdiction before Judge Mahan and the case was dismissed *sua sponte*. (See 11-cv-00050-JCM-LRL Doc. 19.)

3

in every respect with the Federal Rules of Civil Procedure. Any amended Complaint should be filed on or before Tuesday December 27, 2011. Failure to file in accordance with this Order will result in dismissal with prejudice.

**IT IS HEREBY ORDERED** that the Complaint (#1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff, acting through counsel, may file an amended complaint that complies in every respect with this Order and the Federal Rules of Civil Procedure by December 27, 2011. Failure to do so will result in dismissal of the action with prejudice.

DATED this 13th day of December 2011.

_____
Kent J. Dawson
United States District Judge